[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 17, 2006
THOMAS K. KAHN
CLERK

----------------------------------------

No. 05-10878
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 04-00048-CR-SPM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY VICTOR REEVES,

Defendant-Appellant.

------------------------------------------------
Appeal from the United States District Court
for the Northern District of Florida
------------------------------------------------

**(March 17, 2006)**

Before EDMONDSON, Chief Judge, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Larry Victor Reeves appeals his 60-month concurrent sentences--imposed

pursuant to his guilty plea--for conspiracy to commit fraud through unauthorized

use of access devices, in violation of 18 U.S.C. §§ 371 & 1029(b)(2) ("Count One"), and for unauthorized use of access devices, in violation of 18 U.S.C. §§ 1029(b)(2) & (2) ("Count Two"). No reversible error has been shown; we affirm.

Reeves entered his guilty plea before the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005). Reeves stipulated that he would purchase merchandise from Lowe's and Home Depot stores using stolen credit card numbers provided by a co-conspirator, who obtained the numbers from a gas station. Reeves would write the stolen numbers on legitimate "instant issue" credit cards and then made the purchases. At the plea colloquy, Reeves was informed that the statutory maximum sentences were five years for Count One and ten years for Count Two. Reeves was advised that the Sentencing Guidelines would apply to his case and that, after the guideline range was determined, the district court would have "some very limited authority to go . . . above the guideline." The plea agreement reflected that the district court's sentencing discretion would be restricted "only by the statutory provisions and the Sentencing Guidelines."

Based on a total offense level of 12 and a criminal history category of III, the presentence investigation report ("PSI") recommended a guideline sentencing

range of 15 to 21 months' imprisonment. The PSI assigned Reeves a loss amount of $88,222.74 and described Reeves's past convictions, the majority of which were for writing bad checks and for driving with a suspended or revoked license.

At sentencing, which occurred shortly after Booker was decided, the district court stated that the guidelines were advisory, not mandatory. The court indicated that it "had reviewed and fully considered all of the factors set out in 18 U.S.C. § 3553(a), including the applicable guideline range and the policy statements issued by the sentencing commission." The court then adopted the PSI, but sentenced Reeves to 60-month concurrent sentences, noting that the court had tailored the sentences to take into account the amount of loss, Reeves's criminal history, and the "involved nature of the offenses."

Reeves argues that the application of the Sentencing Guidelines as advisory, rather than mandatory, worked to his detriment and violated his Fifth Amendment Due Process rights. Reeves contends that, when he committed his crimes, the guidelines were mandatory and that, under the mandatory guideline range, the district court was limited to imposing a 15 to 21 month sentence, absent a lawful departure. He, thus, maintains that he did not have fair warning of the punishment that he would face post-Booker and that his sentence should not exceed the sentence permitted by the pre-Booker mandatory guidelines scheme.

We review de novo a claim of constitutional error; but we will reverse only for harmful error. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

We previously have rejected a due process "fair warning" claim in United States v. Duncan, 400 F.3d 1297, 1307-08 (11th Cir.), cert. denied, 126 S.Ct. 432 (2005). We are not persuaded by Reeves's attempt to distinguish Duncan on the ground that the life sentence imposed in Duncan was identified not just by the applicable statute, but also indicated by the guidelines themselves. In Duncan, we wrote that, at the time the defendant committed the offense of conviction, "[a]lthough mandatory Guidelines were in place, the law of this Circuit then recognized the U.S. Code as the source of the maximum sentence." Id. at 1308. The statutory maximum sentences in effect at the time of Reeves's criminal conduct--five years for Count One and ten years for Count Two--provided him with enough fair warning for purposes of due process.

Reeves also asserts that the application of the guidelines as advisory, rather than mandatory, resulted in a breach of the plea agreement. We reject this contention. The plea agreement provided that the district court's sentencing discretion would be restricted by the guidelines. But the plea agreement did not attempt to define the scope of that restriction. And after Booker, courts still are required to consider the guidelines. See Booker, 125 S.Ct. at 767. Further, the

4

plea agreement warned that "any prediction of the sentence which may be imposed is not a guarantee or binding promise."

Reeves challenges his sentence as unreasonable. He contends that the guidelines do not provide for enhancement when the nature of a fraud is "involved." And he maintains that, although the district court took into account his criminal history and the loss amount in imposing sentence, the court failed to make a finding that these elements were considered inadequately in forming the proper guideline range. He also asserts that a 60-month sentence was too extreme of a departure from the applicable guideline range.

Post-Booker, we review sentences for reasonableness. See United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005) (per curiam). In determining whether a sentence is unreasonable, we are guided by the factors set forth in 18 U.S.C. § 3553(a). See Winingear, 422 F.3d at 1246. These factors include (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment, (4) the need to protect the public, and (5) the guideline range. See 18 U.S.C. § 3553(a).

Here, in imposing a sentence above the guideline maximum of 21 months' imprisonment, the district court stated that it had considered all the § 3553(a)

5

factors and the guidelines. To the extent that Reeves challenges the district court's failure to explain the weight it accorded to each sentencing factor, the court was not required to do so. See United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005). The district court also noted that it was considering the amount of loss, Reeves's criminal history, and the "involved nature of the offenses." In addition, the district court expressed its concern that Reeves extensively had targeted two victims: Home Depot and Lowe's. And we note that Reeves's 60-month concurrent sentences are only one third of the 15-year total statutory maximum sentence he could have received had the district court decided to sentence him to a 10-year sentence on Count Two and to run the sentences consecutively.

The district court properly detailed why, based on its consideration of the § 3553 factors, a sentence above the guideline range was warranted. Thus, after reviewing the record and the § 3553(a) factors, we are satisfied that Reeves's 60-month concurrent sentences are not unreasonable.

AFFIRMED.